UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13 CR 425 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| RUSSELL GORDON | ) | |

**ORDER OF DETERMINATION AND DISPOSITION
PURSUANT TO 18 U.S.C. § 4241(d)**

This matter is before the Court to determine the competency of the defendant pursuant to 18 U.S.C. § 4241.

Based on the Competency Evaluation, dated March 24, 2014, provided by Diana Goldstein, Ph.D., the relevant law, and the record as a whole, the Court finds by a preponderance of the evidence that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Also based upon the Competency Evaluation submitted to this Court, the Court finds by a preponderance of the evidence that the defendant is restorable with treatment.

Specifically, the Court finds that the report, signed by a staff psychologist from the Isaac Ray Forensic Group, LLP, contains ample support for the diagnosis that the defendant is currently suffering from a serious mental disorder. The report contains detailed observations based on interviews of the defendant as well as information from defendant's medical history prior to his examination at Isaac Ray.

The Court further finds that (1) important governmental interests are at stake in the prosecution of the defendant for the crime of threats to injure the person of another; (2) the proposed treatment in the Competency Evaluation will significantly further the governmental

interest because the treatment is substantially likely to render the defendant competent to stand trial and is substantially unlikely to have side effects that may undermine the fairness of the trial; (3) taking account of less intrusive alternatives, the proposed treatment is necessary to further the governmental interest; and (4) the proposed treatment is medically appropriate.

Accordingly, IT IS HEREBY ORDERED that defendant RUSSELL GORDON shall be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), for the purpose of hospitalizing defendant at a suitable facility for treatment for such a reasonable period of time, not to exceed four months from the date of this order, as is necessary until his mental condition is so improved that trial may proceed.

IT IS FURTHER ORDERED that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), time is excluded until Defendant's next appearance following his commitment, hospitalization, and examination.

Dated: March 27, 2014
at Chicago, Illinois.

JOHN J. THARP, JR.
UNITED STATES DISTRICT JUDGE